UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOROTHY YEO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-CV-1103 PLC |
| | ) |
| JEFFERSON COUNTY, MISSOURI, et. al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's "Motion for Approval of Partial Wrongful Death Settlement" [ECF No. 67] and "Amended Motion for Approval of Partial Wrongful Death Settlement by Consent" [ECF No. 71]. For the reasons that follow, the Court denies the motions without prejudice.

**I.   Background**

In January 2021, Plaintiff's son, Joseph Mendes ("Decedent"), committed suicide while he was a pre-trial detainee at the Jefferson County Jail in Hillsboro, Missouri. [ECF No. 65] On December 14, 2023, Plaintiff Dorothy Yeo filed a Petition against Defendants Jefferson County, Missouri; Thomas Gullet; Logan Griffith; Tenesa Cash; Chad Downard; Kimberly Case, Susan Coleman; Columbus Peter Duncan IV; and Brian Taylor (collectively "Jefferson County Defendants"); and Defendants VitalCore Health Strategies, LLC and Shannon Smith[1] bringing

---

[1] Defendant VitalCore Health Strategies is a health care company that provided health care services to inmates and detainees at the Jefferson County Jail during the relevant period and Shannon Smith is a licensed practical nurse employed by VitalCore Health Strategies.

wrongful death claims under Section 537.080 of the Missouri Revised Statutes (RSMo) and civil rights claims under 42 U.S.C. §1983. [ECF No. 3, 65]

On September 22, 2025, Plaintiff filed a "Motion for Approval of Partial Wrongful Death Settlement" stating she and the Jefferson County Defendants had reached a proposed settlement. [ECF No. 67] In her motion, Plaintiff asserted she was the only person entitled to bring the action under Section 537.080 RSMo and she was authorized to settle the action pursuant to Section 537.095 RSMo. [ECF No. 67] Plaintiff further alleged that she, the Plaintiff, "was given proper notice of these proceedings pursuant to Section 537.095 RSMo, and after being full informed, voluntarily agreed to the distribution of settlement proceeds and the release of" the Jefferson County Defendants. [ECF No. 67]

On October 16, 2025, Plaintiff filed an "Amended Motion for Approval of Partial Wrongful Death Settlement by Consent[,]" along with her supporting affidavit.[2] [ECF No. 71] In the amended motion, Plaintiff states Decedent had "no other natural non-adopted children and was not married at the time of his death," and that Plaintiff is Decedent's "natural surviving Mother." [ECF No. 71] Plaintiff asserts that, pursuant to Section 537.080 RSMo, she is "the only person entitled to bring this action and/or to recover for the alleged wrongful death of Decedent[,]" that she is "the only Class 1 heir" under the statute, and that "no other Class 1 individuals entitled to maintain a cause of action pursuant to Section 537.080 RSMo" exist. [ECF No. 71] Plaintiff again stated that she "was given proper notice of these proceedings pursuant to Section 537.095 RSMo, and after being full informed, voluntarily agreed to the distribution of settlement proceeds and the release of" the Jefferson County Defendants. [ECF No. 71]

---

[2] Plaintiff separately filed under seal a copy of the Release and Settlement Agreement between Plaintiff and the Jefferson County Defendants [Ex. 1, ECF No. 70-1] and an itemization of expenses paid by Plaintiff's counsel [Ex. 2, ECF No. 70-2].

In her supporting affidavit, Plaintiff avers she is Decedent's "natural mother," that Decedent was unmarried at the time of his death, and that he had no "natural children." [ECF No. 71-1] Plaintiff further attests that she retained counsel to investigate a potential claim of wrongful death on my behalf, as the only Class 1 beneficiary of Joseph Mendes." [ECF No. 71-1]

## II.  Discussion

### A.  Motion for Approval of Partial Wrongful Death Settlement [ECF No. 67]

On September 22, 2025, Plaintiff filed a Motion for Approval of Partial Wrongful Death Settlement. [ECF No. 67] Because Plaintiff filed an Amended Motion on October 16, 2025, with similar allegations and supporting documentation [ECF No. 71], the Court denies Plaintiff's initial motion as moot.

### B.  Amended Motion for Approval of Partial Wrongful Death Settlement [ECF No. 71]

Section 537.080 RSMo authorizes certain relatives of a decedent to maintain a wrongful death action, including (1) the decedent's spouse, children, or parents,[3] and (2) if there are no individuals in this group, the decedent's siblings or their descendants. Section 537.080(1), (2) RSMo. Specifically, Section 537.080 establishes "the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or…the father or mother of the deceased, natural or adoptive" as Class 1 plaintiffs in wrongful death actions. § 537.080.1(1) RSMo.

Missouri law requires court approval of a wrongful death settlement. § 537.095.1 RSMo. If multiple parties have standing to sue under the wrongful death statute, "any one or more of them may compromise or settle the claim for damages with approval of any circuit court,...provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties

---

[3] This group also include the surviving lineal descendants of any deceased children.

having a cause of action under Section 537.080." § 537.095.1 RSMo; *J.A.L. v. Lambert*, 682 S.W.3d 424, 426 (Mo. Ct. App. 2024) ("Any party authorized to bring a wrongful death action under section 537.080 may reach a settlement on behalf of all claimants and seek trial court approval of the settlement, provided adequate notice is provided to all potential claimants.").

To obtain approval, the Court must determine: (1) the Plaintiff attempted to notify all parties entitled to bring a cause of action; (2) the proposed settlement is fair and just; (3) the proposed settlement is appropriately apportioned, (4) the attorney's fees, expenses, and liens taken from the proposed settlement are proper, and (5) the parties' proposal for distributing the settlement proceeds complies with the statutory requirements. *Medley v. Scenic Nursing and Rehabilitation Center, LLC*, 4:23-cv-1062, 2024 WL 3272907, at *2 (E.D. Mo. July 2, 2024), citing *Little v. Beauvais Manor Healthcare & Rehab Center, LLC*, No. 4:21-cv-00950-RLW, 2022 WL 2176860 at *2 (E.D. Mo. June 2022); *Gaydos v. Gully Transportation, Inc.*, No. 4:21-cv-00388-SPM, 2023 WL 2187470 at *3-4 (E.D. Mo. Feb. 2023). The Court must apportion any award of damages among "those persons entitled thereto in proportion to the losses suffered by each as determined by the court." § 537.095.3 RSMo.

Plaintiff has failed to demonstrate the first requirement, that she "has diligently attempted to notify all parties having a cause of action under Section 537.080." *See* Section 537.095.1 RSMo.  Plaintiff asserts she is the only Class 1 plaintiff because she is Decedent's "natural mother[,]" and Decedent was unmarried at the time of his death and had no "natural children." [ECF No. 71-1]  While Plaintiff is a Class 1 plaintiff by virtue of her status as Decedent's mother, the record does not establish that she is the only Class 1 plaintiff.  Plaintiff's affidavit stating that Decedent had no "natural children" and was unmarried at the time of his death, does not establish the absence of any children adopted by Decedent or the status of Decedent's father. *See* Mo. Rev.

4

Stat. § 537.080.1(1) (Class 1 plaintiffs include natural and adopted children, legitimate or illegitimate, and the decedent's natural or adopted father and mother).

Without information respecting the existence of these potential Class 1 plaintiffs, the Court cannot conclude that Plaintiff is the only individual entitled to bring a wrongful death action. While Plaintiff, as a Class 1 plaintiff, is permitted to bring and settle a wrongful death action, Section 537.095 specifically requires her to demonstrate to the Court that she "has diligently attempted to notify all parties having a cause of action under § 537.080." Here, Plaintiff's amended motion states she is the only person who was provided with "proper notice of these proceedings pursuant to Section 537.95 RSMo" and who "voluntarily agreed to the distribution of settlement proceeds and the release" of the Jefferson County Defendants. [ECF No. 71] Because Plaintiff has not demonstrated that all individuals who may have a cause of action under Section 537.080 have been notified of the wrongful death action and settlement, the Court denies without prejudice Plaintiff's amended motion to approve the partial wrongful death settlement. [ECF No. 71]

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Approval of Partial Wrongful Death Settlement [ECF No. 67] is **DENIED as moot**.

**IT IS FURTHER ORDERED** Plaintiff's Amended Motion for Approval of Partial Wrongful Death Settlement [ECF No. 71] is **DENIED without prejudice**.

_/s/ Patricia L. Cohen_
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of December, 2025